Elwood Graham v. Edward Taggart, Omar H. Simonds and Niram A. Fletcher.

*No consideration for agent's agreement for his own benefit.*

An agreement made by an agent entirely on his principal's behalf, but wholly for his own benefit, is without consideration, and will not sustain an action by the agent in his own name.

Error to Kent.   Submitted Oct. 8.   Decided Oct. 13.

Assumpsit.   Defendant brings error.   Reversed.

*Drury & Maher* for plaintiff in error.

*G. A. Wolf* for defendants in error.

Campbell, J.   Defendants in error, who are attorneys, sued plaintiff in error for a balance of charges in a justice's court, and recovered judgment for $40 damages and for costs. They appealed to the circuit court of the county of Kent, where the case was tried by jury, and the judgment increased to $94.90, of which they released $1.50.   There was, we think, admissible evidence upon all the larger items, and all but one of the rest.

The principal items disputed were two charges amounting

to $75, for extending a mortgage belonging to one of their clients, on two occasions—once for one year, and once for three years.   This was a mortgage against Graham for $500, on which he paid them a commission at the time he borrowed the money, of $25.

According to the testimony of the member of the firm who made the arrangements, Mr. Graham did not employ them to negotiate with their client on his behalf, but the extension was made by the attorneys assuming to act for the client and by his authority or subsequent ratification.   It was therefore, if binding at all, an agreement with the mortgagee, and not with plaintiffs.   Whether he could himself make an agreement for time not in writing and making the use of his money reach more than ten per cent. is not important here, because he was not sued for it and the attorneys claim it themselves.   We think it is not legally competent that an agent shall make an agreement entirely on his principal's behalf, yet entirely for his own benefit.   Such an agreement has no consideration.   The price, if payable at all, must belong to the person who makes the contract, and he only can sue for it.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.